COASTAL DRY DOCK & REPAIR CORPORATION and The Travelers Insurance Company, Plaintiffs,

v.

John A. WILLARD, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, Defendant.

Civ. A. No. 16833.

United States District Court
E. D. New York.

Jan. 11, 1957.

Galli & Locker, New York City, Urban S. Mulvehill, New York City, of counsel, for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Julian Guy Linker, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

GALSTON, District Judge.

Both plaintiffs and the defendant have made motions for summary judgment which will be disposed of in this one opinion.

The action is brought pursuant to the provisions of 33 U.S.C.A. § 921, and is commonly known as the Longshoremen's and Harbor Workers' Compensation Act.

Edward T. Moran, referred to as the claimant, was employed by the Coastal Dry Dock and Repair Corporation from March 28, 1955, to the week ending May 1, 1955, as a burner, and during that period he suffered alleged injuries, occupational in nature, and said injuries occurred on vessels in the port of New York in the vicinity of Staten Island. It is alleged that prior to March 28, 1955, and commencing in 1941, the claimant was similarly employed by employers other than the Coastal Dry Dock & Repair Corporation, and that such employments resulted in the exposure to injurious noises, producing injuries occupational in nature, resulting in a loss of hearing.

It is alleged in the complaint that proceedings were held in respect to the injuries before the defendant, a Deputy Commissioner of the United States. The plaintiffs opposed the award which the defendant made in favor of the claimant upon the ground that the claimant was aware of the deafness associated with and caused by his occupation prior to the employment by Coastal, and that since the awareness of injury occurred prior to April 28, 1955, the award and decision holding Coastal and its insurance carrier, The Travelers Insurance Company, responsible for injuries resulting in the loss of hearing, were contrary to the law. The award made by the Commissioner was on an order dated July 25, 1955, in the sum of $1,050, for fifteen percent binaural loss of hearing.

In consequence the plaintiffs seek a permanent injunction suspending and setting aside the said compensation order and findings.

The answer of the defendant is a general denial.

In the hearing before the Commissioner, held on June 29, 1956, it appeared that prior to 1950 Moran worked for the Todd Shipyards, and that from 1950 up to the date of June 29, 1956, he worked at odd times for the Bethlehem Steel Company, having been laid off in 1955 from February 25, 1955, to May 13, 1955, at which time he resumed work with Bethlehem. Moran testified that in 1954 he noticed a ringing and buzzing of his ears. He told Dr. Frank, his doctor, that he noticed a loss of hearing in December, 1954, and that he believed it was due to his job; and that during the six years, from 1950, he worked as a burner which was a noisy occupation. Dr. Frank in his report recites that Moran began to notice a loss of hearing about December, 1954.

A claim was filed against Bethlehem on April 28, 1955, and against Coastal on November 16, 1955.

On behalf of The Travelers Insurance Company, Dr. Scal was called. He testified that in his opinion "twenty-two days' work in a noisy occupation would not produce any conceivable amount of deafness. The amount would be infinitesimal in three weeks."

In Travelers Insurance Company v. Cardillo, 2 Cir., 225 F.2d 137, 445, Judge Medina wrote:

" * * * Thus we conclude that the Congress intended that the employer during the last employment in which the claimant was exposed to injurious stimuli, prior to the date upon which claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, should be liable for the full amount of the award."

In the minutes before me of the hearing held before the Commissioner, the claimant himself testified that in December, 1954, he realized that he had the loss of hearing, and believed it was due to his employment. On that basis it cannot be concluded that Coastal was the sole last employer in December, 1954. Who was the employer at that time?

In respect to the medical testimony, there is conflict between that of the claimant's doctor and the Travelers' doctor which would not justify granting summary judgment on either motion.

The motions are denied.

Settle order.